IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SHAPIRO,<br><br>    Plaintiff,<br><br>  v.<br><br>SANTA CLARA COUNTY SUPERIOR COURT, et al.,<br><br>    Defendants.<br>_____ | No. C 07-5049 MJJ (PR)<br><br>**ORDER DENYING MOTION FOR REHEARING**<br><br>**(Docket No. 5)** |

Plaintiff filed this pro se civil action seeking a petition for a writ of mandamus to compel the Small Claims Court of the Superior Court of the County of Santa Clara to release a list of percipient witnesses to plaintiff. The case was dismissed. Plaintiff has filed a "request for re-hearing," which the Court construes as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.[1]

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the

---

[1] In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration *only* with respect to interlocutory orders made in a case prior to the entry of final judgment. See Civil L.R. 7-9(a); United States v. Comprehensive Drug Testing, 473 F.3d 915, 926-27 (9th Cir. 2006) (federal rules may be applied to a motion not already treated as a motion for reconsideration under a local rule).

G:\PRO-SE\MJJ\CR.07\shapiro.rec.wpd

adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. No. 1J, 5 F.3d at 1263. Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. Id.

Here, plaintiff does not make a showing of mistake, inadvertence, surprise or excusable neglect. He does not set forth any newly discovered evidence, fraud, or any grounds for finding that the judgment is void or has been satisfied. Nor does he set forth any other reason justifying relief. Rather, plaintiff simply argues that the Court was wrong in its ruling. The Court notes that plaintiff makes such argument without citation to any authority or comment on the authority cited in the order of dismissal. In any case, while plaintiff's arguments may be properly advanced on appeal, they are not a basis for reconsideration. Accordingly, plaintiff's request for rehearing is DENIED.

This order terminates Docket No. 5.

IT IS SO ORDERED.

DATED: 12/06/07

_____
MARTIN J. JENKINS
United States District Judge

G:\PRO-SE\MJJ\CR.07\shapiro.rec.wpd            2